**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-41019

(Summary Calendar)
_____

QUEEN ESTHER OWENS,

Plaintiff - Appellant,

versus

TRANE COMPANY, a Division of American
Standard, Incorporated,

Defendant - Appellee.

Appeal from the United States District Court
For the Eastern District of Texas
(6:96-CV-362)

May 14, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Queen Esther Owens appeals from a judgment entered against her
after trial before a jury, claiming that the trial court erred in
denying Owens' motion for judgment as a matter of law as to whether
Owens could perform the essential functions of her job as that term

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

is defined by the Americans with Disabilities Act ("ADA").  Finding no error, we affirm.

I

Owens worked in a manufacturing plant of Trane Company, a division of American Standard, Incorporated ("Trane").  After suffering work-related injuries that limited her ability to work, Owens was assigned to a light-duty job that met the restrictions imposed by her treating physician.  This job was a "partial" job in the valve assembly room))one that allowed different workers to share one job by each doing separate pieces of the job.  Owens was performing this job when Trane underwent a reduction in force in September 1995.  Because of her seniority, Owens was not laid off in the reduction.  However, as a result of the reduction, the partial job she had been performing in valve assembly was eliminated when it was consolidated with other jobs.  The new, consolidated position in the valve assembly room required the worker to perform tasks that were incompatible with Owens' restrictions.[1]  In accordance with the collective bargaining agreement under which Owens worked, Trane attempted to place her in an available job, but none that was compatible with her work

---

[1]  When Owens was laid off, she was working under the following restrictions:  "no use of handheld pneumatic tools, no forceful gripping with right hand, no climbing, no squatting, job should permit alternating sitting and standing, ground-level work only, and no operation of high-speed machinery or forklifts."

restrictions was available.  Owens was therefore laid off for lack of suitable work.

Owens subsequently brought suit against Trane, alleging that Trane had discriminated against her in violation of the ADA.  At the close of evidence, both parties moved for judgment as a matter of law; the district court denied the motions.  In response to the submitted interrogatories, the jury found, first, that Owens had a disability but, second, that Owens could *not* have performed the essential functions of the job.[2]  Following the court's entry of final judgment, Owens timely appealed.

II

We review a district court's denial of a motion for judgment as a matter of law *de novo*.  *See Holt v. JTM Indus., Inc.*, 89 F.3d 1224, 1225 (5th Cir. 1996), *cert. denied*, 117 S. Ct. 1821, 137 L. Ed. 2d 1029 (1997).  We consider all of the evidence "in the light and with all reasonable inferences most favorable to the party opposed to the motion."  *Id*. (quoting *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc)).  A judgment as a matter of law should not be granted unless "the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary

---

[2]  Because the jury responded in the negative to the second interrogatory, it did not reach the next question, which concerned the issue of reasonable accommodation.  The parties do not challenge the finding of disability on appeal.

verdict." *Leatherwood v. Houston Post Co.*, 59 F.3d 533, 536 (5th Cir. 1995) (citing *Boeing*, 411 F.2d at 374).

To prevail on her ADA claim, Owens must prove that (1) she had a disability, (2) she was qualified for the job, and (3) an adverse employment decision was made solely because of her disability. *See Rizzo v. Children's World Learning Ctrs., Inc.*, 84 F.2d 758, 763 (5th Cir. 1996). With respect to the second element, Owens has the burden of proving that she can perform, with or without reasonable accommodation, all of the essential functions of the employment position that she holds or desires. *See* 42 U.S.C. § 12111(8); *Rizzo*, 84 F.3d at 763.

Owens does not argue that she could have performed the tasks required of the post-reduction valve assembly job. Instead, she argues that Trane's evidence was directed not to any one job in the valve assembly but to all of the jobs in valve assembly. In addition, she repeatedly claims that she could have performed her old, partial job, suggesting that Trane should have accommodated her by eliminating the newly required tasks from the job. She contends that the district court's denial of her motion for judgment as a matter of law precluded the jury from considering the real issue in this case, whether Trane discriminated against her by refusing to continue the accommodation of her disability.

We hold that the district court did not err in denying Owens' motion for judgment as a matter of law. Sufficient evidence was

-4-

presented at trial to support the jury's determination that Owens could not have performed the essential functions of the job at issue, *i.e.*, the post-reduction job in valve assembly. Testimony at trial showed that, pursuant to the September 1995 reduction in force, Trane reduced the number of jobs in valve assembly and that the remaining, consolidated positions required the performance of additional tasks. Owens' direct supervisor, Thompkins, testified that before the September 1995 reduction in force, he had the luxury of allowing Owens to perform part of a job in the valve assembly room but that after the reduction, workers could no longer share the one job by doing only certain pieces of it because fewer workers were available and production was lower. Further trial testimony showed that the post-reduction jobs in valve assembly required the performance of tasks such as operating the presses and a spring-loaded gripper in the valve assembly process, tasks which Thompkins testified were essential or core duties of a person working in valve assembly and which all valve assembly workers after the reduction were able to perform. Finally, the evidence also showed that these tasks, which required forceful and repetitive gripping, were inconsistent with Owens' restrictions in effect at that time.

Based on the evidence presented at trial, a reasonable jury therefore could have found that the post-reduction valve assembly job required the performance of additional, essential tasks and

that Owens could not have performed these tasks because of her restrictions. *See* 42 U.S.C. § 12111 ("[C]onsideration shall be given to the employer's judgment as to what functions of a job are essential . . . ."); 29 C.F.R. § 1630.29(ii) ("The [job] function may be essential because of the limited number of employees available among whom the performance of that job function can be distributed."). Moreover, we note that Trane was not required to create))or re-create))for Owens a position excluding these essential functions. *See Barber v. Nabors Drilling U.S.A., Inc.*, 130 F.3d 702, 709 (5th Cir. 1997) ("[T]he law does not require an employer to transfer from the disabled employee any of the essential functions of his job."). Thus, we reject Owens' argument that such continuing accommodation was required. *See id.* ("We cannot say that [Owens] can perform the essential functions of the job with reasonable accommodation, if the only successful accommodation is for [Owens] not to perform those essential functions.").

### III

In sum, sufficient evidence exists in the record to support the jury's verdict that Owens could not have performed the essential functions of the job she desired. Thus, the district court did not err in denying Owens' motion for judgment as a matter of law, and we accordingly affirm the judgment against her.

AFFIRMED.